Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*John A. Quintard*, for plaintiff.   *Francis H. Van Vechten*, for defendant.

BARNARD, P. J.   By the Revised Statutes, all persons convicted for a criminal misdemeanor were to be imprisoned in a county jail, where imprisonment was included in the sentence.   2 Rev. St. (3d Ed.) p. 784, § 56.   The prisoners were to be supported in the jails by the several counties.   Felonies were punishable by an imprisonment in the state prison, and in no other place.   Prisoners in the state prisons were to be supported by the state at large.   This law has never been changed, and the support of convicts for felonies has never been put upon the counties.   By chapter 158, Laws 1856, convicts for felonies punishable by imprisonment in a state prison, between the ages of 16 and 21, might be sentenced to a penitentiary in the judicial district in which the conviction was had.   The cost of delivery of the convicts at the penitentiary was directed to be paid by the state treasurer. Chapter 247, Laws 1874.   By Chapter 574, Laws 1869, in all counties having a contract with the Albany penitentiary state prison convicts could be sentenced to the Albany penitentiary without charge to either state or county.   By chapter 571, Laws 1875, all sentences which could be punished by an imprisonment in a state prison, of three years or less, could be sentenced to a penitentiary in the judicial district.   The comptroller of the state was directed to pay for the maintenance of these convicts.   By chapter 172, Laws 1877, all females convicted of offenses punishable by imprisonment in a state prison were directed to be sent to the county penitentiary within the judicial district, and this law provided that the state comptroller should pay for the support of these convicts.   It will be thus seen that no contract for the support of persons convicted of an offense punishable by imprisonment in a state prison was ever needed.   The charge, therefore, was a state charge, and not a county one. The change in the place of detention of county jail convicts commences with chapter 139, Laws 1858.   By this act two counties were authorized to contract with the Albany penitentiary for the support of persons sentenced to imprisonment not less than 60 days; and by chapter 209, Laws 1874, all counties might contract with a county having a county penitentiary for the support of prisoners convicted of a crime "not punishable in a state prison." The power to contract with the plaintiff upon the part of Queens county as to the support of prisoners punishable in a state prison never existed.   The contract must be held to be within the spirit of the law, which is to authorize Queens county to board its jail prisoners, who are sentenced to detention over 60 days, to be detained in a penitentiary where occupation will be furnished to the prisoners, and incidentally to compel the prisoner to earn his own support.   Judgment should therefore be given for the defendant upon the submitted case.   All concur.

---

PEOPLE *ex rel.* MCGRATH *v.* BOARD OF EXCISE COM'RS OF CITY OF
YONKERS.

*(Supreme Court, General Term, Second Department.   May 9, 1892.)*

INTOXICATING LIQUORS—REVOCATION OF LICENSE—RES ADJUDICATA.

   A judgment of the court of sessions, sustaining a demurrer to an indictment for not keeping an inn closed on Sunday, is no bar to a proceeding before the board of excise commissioners to revoke defendant's license for failing to close his barroom on Sunday.

*Certiorari*, on the relation of Richard McGrath, to review a decision of the board of excise commissioners of the city of Yonkers revoking relator's tavern license for failing to keep his barroom closed on Sunday.   Relator had been previously indicted "for not closing and keeping closed his licensed inn, tavern, or hotel."   He demurred to the indictment, and the demurrer was

sustained. Relator moved to dismiss the proceedings before the board, offering in evidence the order of the court of sessions sustaining the demurrer to the indictment. The motion was denied, and relator notified that the board would hear any proof that he might offer, but he declined either to testify or call any witnesses. Decision of the board affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John F. Brennan,* for relator. *Arthur J. Burns,* for defendant.

BARNARD, P. J. The evidence returned shows that the relator was a licensed innkeeper; that he kept open his barroom on Sundays. The proof warrants a conclusion that the persons who frequented and drank beer upon the premises were not travelers, but were such as frequented saloons. The decision of the Westchester court of sessions had no relevancy. The indictment was for not keeping his inn closed on Sunday. The relator had an opportunity to present his defense on the 6th of November, 1891, after the session had sustained the demurrer to the indictment. The motion to dismiss the complaint was properly denied. The proceedings before the county court of sessions did not bar this complaint, and the evidence established that the frequenters of the barroom on Sundays were not guests of an hotel. The judgment of the commissioners should therefore be affirmed, with costs.

All concur.